## GEORGE v. RANSOM et als.

WHERE the wife makes a contract with her husband by which she gives him money, her separate property, for steamboat stock owned by him; *held*, that, assuming the contract to be void, because made between husband and wife, the husband is in the position of having taken his wife's money without her assent and converted it into stock, and that he thereby becomes her trustee; that she can follow the money into whatever property it goes; that, being in possession of the stock, she can hold it until fully indemnified, and that his creditors cannot reach it.

APPEAL from the Tenth District.

Plaintiff, on an execution dated Feb. 1859, in his favor, against defendant, Ransom, levied on and sold fifteen shares of stock in " The Citizens Steam Navigation Co." also defendant. At the sale, plaintiff became the purchaser, and received the Sheriff's certificate. The execution is still unsatisfied, and Ransom has no property other than the stock in dispute. This stock was originally owned by, and stood in the name of, Ransom, having been bought by him after his marriage, and while both he and his wife were living in this State. In August, 1856, the wife of

George v. Ransom.

Ransom bought this stock of her husband, with money received from her father's estate as her separate property. The transaction was this: She held a certificate of deposit, payable to herself, for about two thousand nine hundred dollars, money from her father's estate. She indorsed this certificate and handed it to her husband, with verbal agreement between them, that he was to draw the money, and use one thousand five hundred dollars of it in purchasing fifteen shares of the stock. The stock was purchased, and certificates issued by the Steam Navigation Co. to the wife, in whose name it stood at the levy and sale aforesaid. The dividends were paid to her in person.

Plaintiff files his bill in equity to compel the Navigation Co. to transfer the stock to plaintiff and issue certificates therefor, to have the certificates to the wife canceled, and to have Ransom and his wife enjoined from claiming the stock.

Answers were filed by each of the defendants, in effect claiming that the wife was the owner of the stock.

*Reardan & Smith,* for Appellant.

The stock was common property up to August 2, 1856, when the wife purchased it from her husband. This purchase was void. (*Thorne* v. *Eagan et al.* 3 Rob. 330; *Denmigrus* v. *Lee,* 17 La. 300; *Terrell* v. *Castru,* 1 Rob. 367; *Rousse et al.* v. *Wheeler & Wife,* Id. 115; 1 Par. on Contracts, 300, and Note *f.*; *The Fourth Ecclesiastical Society* v. *Mather,* 15 Conn. 599; *Doll* v. *Themer,* 6 Rob. 276; *Parker* v. *Streckert,* 2 Miles, Pa. 278.)

*George Rowe,* for Respondent, argued: that the wife has the full disposition of her separate estate, especially if it be personal property; that she can sell to her husband or any one else. (Wood's Dig. 478, Sec. 1; *Edington* v. *Mayfield,* 5 Tex. 363; *Selover* v. *American Russian Commercial Co.* 7 Cal. 266; *Barker* v. *Koneman,* 13 Id. 1.)

BALDWIN, J. delivered the opinion of the Court—COPE J. and FIELD, C. J. concurring.

The main question in this case arises upon this state of facts: Mrs. Ransom, one of the defendants, had some money coming to her during her coverture, as a legacy from her father's estate;

and having got it, made a contract with her husband by which she gave the money to him in consideration of certain stock held at the time by him.   An attempt is now made by the creditor of Ransom, the husband, to subject this stock to the latter's individual debts.   The Court below refused this, and the creditor appeals.

His counsel argues that the wife, being a *feme covert*, could not deal with her husband, in respect even to her separate estate; that the contract, therefore, is void, and that the stock stands after the agreement as it stood before, subject to the claims of his creditors.   Assuming, only for the sake of the argument, that this incapacity to contract exists, the conclusion by no means follows.   The money was Mrs. Ransom's, and her husband's creditors could not, under our system, with or without his assent, take it from her.   If he could not make this contract with her, it is because of the legal unity of the spouses, and the merger of the civil existence of the *feme* in that of the husband. But he did assume to make the contract, and, by force of it, took her money, and went through this process of changing, apparently, the title to the stock.   But surely, the wife, if incapable of contracting, was equally incapable of creating her husband her agent to dispose of her money, or assenting to his disposition of it, in this way.   The whole thing was done, on this hypothesis, without any legal assent on her part.   It would then be the case of an asserted authority by the husband, which he did not, in fact, possess.   He would, in such event, become her trustee, just as if an infant were the owner of the money and the father had made this disposition of it.   The principle of such trusts we settled in the case of *Wells, Fargo & Co.* v. *Robinson*, administrator of Frierson, at the April Term.   It would be a rigorous principle to hold that the wife, thus placed in these relations with the husband who is the natural custodian of her money, when she is, in so large a degree, subject to his dominion, should be exposed to a total loss of her property at the absolute will of the husband.   She certainly, in such a case, would be entitled to follow her money into whatever property it went; and having once got it into her own name, be allowed in equity to hold it, at least until fully indemnified.   This is the equitable rule in analogous

cases, and we do not see why this instance should be an exception to its operation.

It is not necessary to consider the technical points made, for the conclusions of the Judge upon uncontradicted testimony support the decree.

Decree affirmed.