[No. 8,444.  Department Two.—November 20, 1884.]

## C. H. PARKER, RESPONDENT, v. J. BERNAL ET AL., APPELLANTS.

PARTIES—STREET ASSESSMENT—EXECUTOR—HEIRS.—An action on a street assessment may be maintained against the executor of an estate, although the heirs of the decedent are in fact the owners of the land assessed. The heirs are not necessary parties, and if originally joined as defendants, the action may be dismissed as to them, and judgment rendered against the executor.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*M. G. Cobb*, for Appellant.

*C. H. Parker*, for Respondent.

The COURT. — Street assessment suit. The action was brought against several persons, heirs of one Jose Jesus Bernal, deceased, and two persons, executrixes of the will of deceased. The executrixes alone answered. After trial, the court found that at the time of the assessment the said defendants were the owners of the premises on which the lien is claimed to exist. Some two years after, in rendering judgment, the action was dismissed as to all the defendants, except the executrixes, and thereupon judgment was rendered for plaintiff. We see no error in this, affecting any substantial right of the defendants. According to section 17 of the Act of April 1st, 1872 (Stat. 1871–2, p. 818), the person owning the fee, or in the possession of the premises, or exercising acts of ownership for himself, or as administrator or guardian, or the person in whom the legal title appears by recorded deeds to be, shall be deemed the owner, for the purposes of the act. It was, therefore, competent that the action should have been brought against the executrixes (equivalent for this purpose to administrator), even though the heirs of a deceased person be in fact the owners. That being the case, there was no error in dismissing as to the heirs, and rendering judgment as to the executrixes.

We cannot say that the description given *does not* give the boundaries of any land.

The other questions presented have been passed on by this court.

Judgment affirmed.