| 72 | 229 |
|----|-----|
| 6139 | 624 |

</div>

[No. 9532.    Department One. — April 21, 1887.]

JAMES PHELAN, RESPONDENT, *v.* JAMES F. DUNNE, APPELLANT.

STREET ASSESSMENT — ACTION OF FORECLOSURE — NECESSARY PARTIES — DEFENDANT — PERSONAL REPRESENTATIVES OF DECEASED OWNER — SAN FRANCISCO. — Under the act of April 1, 1872, when the owner of a lot in the city and county of San Francisco dies after a resolution of intention to improve the adjoining street has been passed by the board of supervisors, and the contract for the work has been let, but before the assessment therefor has been made, his personal representatives are not necessary parties defendant in an action brought to foreclose the assessment pending the settlement of his estate. His heirs or devisees are the only necessary defendants.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to foreclose the lien of a street assessment in the city and county of San Francisco. The assessment was based upon a resolution of intention to order the work, passed by the board of supervisors on

the 27th of April, 1874. The further facts are stated in the opinion of the court.

*William Matthews*, for Appellant.

*J. C. Bates*, for Respondent.

PATERSON, J.—The executors of the last will and testament of James Dunne, deceased, are not necessary parties in this action. It is true, the resolution of intention to improve the street in front of the property described in the complaint was passed by the board of supervisors, and the contract for the work let to plaintiff prior to the death of said James Dunne, but the assessment was not made until after his death, and it is admitted in the answer that defendant is the owner of the property, the same having been devised to him by his father, said James Dunne. A. J. and E. T. Donnelly were named in the will as executors, and duly qualified as such, and ever since have been and are now in the possession of the lands affected by the street assessment lien.

It is claimed by appellant that the administration of the estate of James Dunne, deceased, being still open, and no decree of distribution having been made, the executors should be made parties defendant, and the amount due by virtue of the assessment lien collected of them in due course of administration. There is nothing to show, however, that the debts have not all been paid, the family allowances provided for, or that there is not an abundant amount of personal property out of which all debts and expenses of administration can be paid, if there be any such debts or expenses remaining. It was said by Mr. Justice Temple, in *Brenham* v. *Story*, 39 Cal. 188, that "upon the death of the ancestor the heir becomes vested at once with the full property, subject to the liens we have mentioned," i. e., debts, expenses of administration, and family allowance.

In support of his proposition that the executors are necessary parties defendant, appellant cites *Hancock* v. *Bowman*, 49 Cal. 413, and *People* v. *Doe*, 48 Cal. 561. The decisions in those cases were based upon the provisions of section 13 of the act of April 4, 1870, which required the action to be brought " against the owners *and* all persons having an interest therein." (Stats. 1869-70, p. 898.) But by an act approved April 1, 1872, and apparently to avoid the necessity of making all parties having an interest in the property defendants in the action, it was provided (section 13) that the action might be brought against the *owner* of the land; and section 17 of the act provides that " the person owning the fee, or the person in the possession of lands, lots, or portions of lots or buildings under the claim of ownership, or exercising acts of ownership over the same for himself or as the administrator or guardian of the owner, or the person in whom, on the day the action was commenced, appears the legal title to the lands by deeds recorded in the recorder's office in the city and county of San Francisco, shall be regarded, treated, and deemed to be the owner (for the purpose of this law), according to the meaning and intent of that word as used in this act."

It may be that, under these provisions, persons other than the heirs and devisees are *proper* parties to the action, and that their rights cannot be foreclosed unless they are made defendants; but as to that we express no opinion. It is sufficient to say that the defendant is the owner in fee, that he is the only necessary party, and that plaintiff is entitled, under this act, to a decree of foreclosure, whatever may be the rights of other parties interested, who are not joined as defendants. (*Parker* v. *Bernal*, 66 Cal. 113.)

Judgment affirmed.

TEMPLE, J., and McKINSTRY, J., concurred.