[No. 14156.   Department One. — September 5, 1891.]

## CONCEPCION ALANIZ, RESPONDENT, *v.* PIERRE CASENAVE ET AL., APPELLANTS.

ACTION TO SET ASIDE CONVEYANCES — FRAUD — PLEADING. — A complaint in an action to set aside conveyances of real estate on the ground of fraud in their procurement is not subject to the objections that the facts constituting the alleged fraud are not specifically set out, where the complaint avers a general fiduciary relation between the parties;' that the plaintiff reposed in the principal defendant unlimited confidence, and was entirely under his control, being herself ignorant and unacquainted with business; that he proposed the conveyances to enable him more conveniently to manage her business, and promised to hold and manage it for her, and to reconvey upon request, intending at the time not to perform his promise, but to induce her to put the property in his hands, that he might cheat and defraud her, and that she was induced by his representations and promises to make the conveyances.

ID. — FIDUCIARY RELATION — FRAUDULENT INTENTION — CONSTRUCTIVE TRUST. — Where a general fiduciary relation exists, and actual confidence is also reposed in the trustee, it is not necessary to allege or prove that the trustee took the conveyance with the fraudulent intention of claiming the same as his own, in order to establish a constructive trust and compel a reconveyance.

ID. — BREACH OF PAROL PROMISE TO RECONVEY — CONSTRUCTIVE FRAUD. — If, by means of a parol promise to reconvey, a party obtains an absolute deed, without consideration, from one to whom he stands in a fiduciary relation, the violation of the promise is constructive fraud, although at the time it was made there was no intention not to perform.

ID. — TRUST FOR FRAUDULENT PURPOSE — DENIAL OF RELIEF — PROOF REQUIRED. — Courts will not allow a trust to be proven by a party to the fraud, if the trust was created for a fraudulent purpose; but before it will deny relief upon that ground, there should be proof that some one was to be defrauded.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Brousseau & Hatch,* and *W. T. Williams,* for Appellants. The complaint does not state facts sufficient to consti-

tute a cause of action. The facts constituting the fraud should have been set out. (*Lawrence* v. *Gayetty*, 78 Cal. 131; 12 Am. St. Rep. 29; *Kinder* v. *Macy*, 7 Cal. 206; *Meeker* v. *Harris*, 19 Cal. 278; 79 Am. Dec. 215; *Capuro* v. *Builders' Ins. Co.*, 39 Cal. 123.) The court found that the defendant, at the time he made the representations and promises which induced the plaintiff to make the conveyance, intended in good faith to fulfill the same, but afterward conceived the design of claiming the same as his own; and upon this finding the appellants were entitled to judgment, as the failure to perform an agreement made in good faith is not fraudulent. (*Feeney* v. *Howard*, 79 Cal. 529; 12 Am. St. Rep. 162; *Lawrence* v. *Gayetty*, 78 Cal. 131; 12 Am. St. Rep. 29; *Brison* v. *Brison*, 75 Cal. 527; 7 Am. St. Rep. 189; *Perry* v. *Mc-Henry*, 13 Ill. 236; *Wheeler* v. *Reynolds*, 66 N. Y. 234; *Levy* v. *Brush*, 45 N. Y. 589; *Burden* v. *Sheridan*, 36 Iowa, 125; 14 Am. Rep. 505; *Cowan* v. *Wheeler*, 25 Me. 267; 43 Am. Dec. 283; *Boyd* v. *Stone*, 11 Mass. 348; *Rasdall* v. *Rasdall*, 9 Wis. 386.) The conveyance in question was made in fraud of the rights of others, and therefore whatever effect the conveyance may have had upon her, the respondent was bound by it. (*Hasshagen* v. *Hasshagen*, 80 Cal. 519.) If it be contended that there was a trust created between the parties, it was an express trust, in relation to real estate, and therefore invalid, because not in writing. (Civ. Code, secs. 852, 857; *Russ* v. *Mebius*, 16 Cal. 357; *Leman* v. *Whitley*, 4 Russ. 423; *Burt* v. *Wilson*, 28 Cal. 636; 87 Am. Dec. 142; *Barr* v. *O'Donnell*, 76 Cal. 471; 9 Am. St. Rep. 242.) If land be conveyed by an absolute deed, no express trust in favor of the grantor can be raised by proof of a parol agreement by the grantee to hold the property in trust or reconvey it. (*Barr* v. *O'Donnell*, 76 Cal. 471; 9 Am. St. Rep. 242; *Burt* v. *Wilson*, 28 Cal. 626; 87 Am. Dec. 142; *Gallagher* v. *Mars*, 50 Cal. 23; *Fouty* v. *Fouty*, 34 Ind. 433; *Movan* v. *Hays*, 1 Johns. Ch. 339; *Feeney* v. *Howard*, 79 Cal. 526; 12 Am. St. Rep. 162; *Hasshagen* v. *Hasshagen*, 80 Cal. 517; *Mescall* v. *Tully*, 91 Ind. 98.)

*F. H. Howard,* and *Smith, Winder & Smith,* for Respondent.

Even did it appear, as claimed by the appellants, that there were creditors or others to be defrauded, and that the conveyance was in fact made for that purpose, it is a sufficient answer to say that the conveyance was made at the instance and by the counsel of Casenave, her fiduciary, upon whose advice she was entitled to rely, and whose influence over her is assumed by the law to be controlling. (Civ. Code, sec. 2235.) If the intent to violate the trust existed in the mind of Casenave at the time the deed was made, the case presented would be the ordinary one of the procurement of a deed by fraud, and equity, on that ground alone, would relieve. (2 Pomeroy's Eq. Jur., sec. 1055; *Brison* v. *Brison,* 75 Cal. 527; 7 Am. St. Rep. 189; Civ. Code, sec. 1572; *Newman* v. *Smith,* 77 Cal. 22; *Lawrence* v. *Gayetty,* 78 Cal. 131; 12 Am. St. Rep. 29; *Feeney* v. *Howard,* 79 Cal. 528, 529; 12 Am. St. Rep. 162.) The contention of the appellants that as the existence of the fraudulent intent on the part of Casenave at the time of procuring the deed is negatived by the findings no relief can be had, does not apply to the case of a conveyance on parol trust to one standing in a fiduciary relation to the grantor. (*Brison* v. *Brison,* 75 Cal. 525; 7 Am. St. Rep. 189; *Broder* v. *Conklin,* 77 Cal. 330; *Feeney* v. *Howard,* 79 Cal. 529; 12 Am. St. Rep. 162: *Adams* v. *Lambard,* 80 Cal. 426; Civ. Code, sec. 2235.)

TEMPLE, C. — This action is for an accounting and to compel the reconveyance of real estate.

The complaint charges that defendant Pierre is the husband of the other defendant, who is the niece and adopted daughter of plaintiff; that after their marriage, in 1870, defendant Pierre took charge of plaintiff's business, and has ever since continued to manage and control the same as her agent; that in 1874 plaintiff sold some property, and placed the proceeds, about twenty-two thousand dollars, in the hands of said Pierre to

manage for her; that with a portion of the money he purchased certain lots in Los Angeles, taking the deeds in her name, but retained the larger portion of the money; that on the seventeenth day of June, 1875, he proposed to her that for the purpose of managing her business she should convey all the lands to him, promising to manage and control the same for her, and reconvey on demand, and thereupon she conveyed all of the lands to him for the purposes mentioned; that she was living in the family of defendants at the time, had unlimited confidence in him, and was entirely under his control in business matters, being herself an illiterate and ignorant woman, entirely unacquainted with business, and was induced by his representations and promises to make the conveyances, and she is informed and believes that at the time of making the promises he had no intention of performing them, but made them with the fraudulent purpose of inducing her to put the property in his hands, that he might cheat and defraud her; that she had requested a reconveyance, which he refused to make; that he is indebted to her in a large sum, the amount of which she is unable to state, for portions of the money unexpended, and for rents received by him, and the proceeds of her property sold by him; that said defendant pretends that he never received from her, or for her use, any money whatever; and that he did not receive said lands in trust, but purchased the same from her; that on the twenty-second day of May, 1888, said defendant conveyed said lands to his wife, the other defendant, by a deed of gift; that the said Cayetana was privy to all the fraudulent designs of her husband, and took the deed for the sole purpose of defrauding the plaintiff and preventing the assertion of her rights, and, in trust, for the use and benefit of her husband.

The answer admits the relationship of the parties set out in the complaint, but denies that defendant Pierre was ever the agent of plaintiff, or managed any business for her in any capacity; denies receiving any money for her; denies that the lands were conveyed to him

in trust, and avers that he purchased them for a valuable consideration.

They deny that plaintiff was ignorant, illiterate, or unacquainted with business, or was under the control of said defendant, or was induced by any representations or promises to make the conveyances, or that he took the lands in trust or with any fraudulent intent. They also deny the indebtedness. They also charge that plaintiff had full knowledge of the conveyance to defendant Cayetana at the time it was made, and approved of it; that the deed was not made with any fraudulent intent, but in good faith for the purpose of vesting the title in said Cayetana.

All the facts alleged in the complaint are found by the court, except that the defendant Pierre, at the time he made the promises which induced plaintiff to convey the property to him, had no intention of fulfilling them, but made them simply with the fraudulent purpose of inducing her to put the property in his hands. On the other hand, the court finds "said defendant, at the time he made such representations and promises, had the intention in good faith of fulfilling the same, but afterward conceived the design of claiming the same as his own."

There is also a finding to the effect that said defendant still has in his hands twenty-three thousand seven hundred dollars, money received for the use of plaintiff.

On this appeal the defendants make three points: 1. The complaint does not state facts sufficient to constitute a cause of action; 2. The judgment should have been for defendants on the findings; and 3. The evidence does not sustain the findings.

Under the first point the objection is, that the facts which constitute the alleged fraud are not specifically set out; but we cannot agree with this proposition.

A general fiduciary relation between the parties is averred; and that plaintiff reposed in the principal defendant unlimited confidence, and was entirely under his control, being herself ignorant and unacquainted with

business; that he proposed the conveyances to enable him more conveniently to manage her business, and promised to hold and manage it for her, and to reconvey upon request. If the rule laid down in *Brison* v. *Brison,* 75 Cal. 525, 7 Am. St. Rep. 189, is to be upheld, these facts, with the others, constitute a cause of action.

It is not expressly alleged in the complaint that the conveyances were without consideration, but such is the clear and necessary conclusion from the facts which are stated.

The objections to the findings are necessarily of the same character, except that the court has failed to find the one fact of fraudulent intent existing at the time of the conveyance, but, on the contrary, finds that such fraudulent intent did not exist. But in the case of *Brison* v. *Brison,* 75 Cal. 525, 7 Am. St. Rep. 189, it was held that where a general fiduciary relation exists, and actual confidence is also reposed in the trustee, it is not necessary to allege or prove such fraudulent intent, in order to establish a constructive trust, and the case of principal and agent is cited as an example of a fiduciary relation. In *Feeney* v. *Howard,* 79 Cal. 525, 12 Am. St. Rep. 162, also written by Mr. Commissioner Hayne, it is said, referring to the above case, that it was held: " If by means of a parol promise to reconvey, a party obtains an absolute deed without consideration from one to whom he stands in a fiduciary relation, the violation of the promise is constructive fraud, although at the time of the promise there was no intention not to perform." The fiduciary relation, it is said, is one of the facts constituting the fraud, meaning that it was a necessary element in the case. (See also *Broder* v. *Conklin,* 77 Cal. 330; *Adams* v. *Lambard,* 80 Cal. 426.) This doctrine was again affirmed in the second appeal of *Brison* v. *Brison,* 90 Cal. 323.

The objection that the findings are not sustained by the evidence is based on several grounds.

It is contended that the evidence does not show that the relation of principal and agent existed between the

parties. The evidence on this point is not altogether satisfactory, owing chiefly to the confused and contradictory testimony of the plaintiff herself; but it cannot be said that there was no evidence to sustain the finding. Other parts of plaintiff's testimony tended strongly to prove the relation and absolute actual trust and confidence reposed in the male defendant, and she is corroborated by other witnesses. There is testimony, it is true, contradicting this testimony, but that was a matter for the trial court. The same is true of the question, whether the parties did really intend to create a trust or not.

It is also said that the evidence shows that the conveyances were made to defraud third parties, and the court should have so found.

It seems that she feared that some heirs of her father might assert some kind of a claim against her which would compel her, as she says, "to come and go," and she did not wish to have the trouble. Thereupon the defendant, her son-in-law and agent, proposed that she convey to him, and he would take the trouble of the defense off her hands. She testifies that she did not fear any claim that her father's heirs might prefer, and that she so stated at the time. There is no evidence that the claims were asserted against her or her property, or could have been. The defendants deny the entire proposition. If such had been the nature of the conveyance, defendants certainly would have known it and could have defended on that ground. Courts will not allow a trust to be proven by a party to the fraud, if the trust was created for a fraudulent purpose, but before it will deny relief upon that ground, there should be proof that some one was to be defrauded. Here there is no proof of a claim which it was intended to defeat, or that any creditor or claimant of any kind existed.

As to the amount of money received, we do not understand that it is objected to as too much if the trust were properly established.

We advise that the judgment and order be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.