[S. F. No. 2704.   Department Two.—July 18, 1903.]

JAMES J. FLINN et al., Respondents, v. ELLEN GOULEY, Administratrix of Estate of Bridget O'Hare, Deceased, and ELLEN GOULEY, Appellants.

STREET ASSESSMENT—FORECLOSURE OF LIEN—PARTIES PLEADING—ADMINISTRATRIX—REPRESENTATION OF ESTATE.—In an action to foreclose the lien of a street assessment against a defendant named individually, and also as administratrix of the estate of a deceased person, in the absence of an averment in the complaint touching the estate, or the appointment of the defendant as administratrix, or that she was acting in that capacity, a judgment foreclosing the lien against the estate of such deceased person must be reversed, as not binding upon the estate, although a general appearance was entered by the defendant, both individually and as administratrix of the estate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Henry C. McPike, for Appellants.

I. Danielwitz, and N. H. Hurd, for Respondents.

HENSHAW, J.—The action was brought to foreclose the lien of a street assessment. Ellen Gouley, individually, and Ellen Gouley, as administratrix of the estate of Bridget O'Hare, deceased, were made defendants in the title of the

action. There is no allegation in the complaint touching the estate of Bridget O'Hare, no allegation of the appointment of Ellen Gouley as administratrix, and no allegation that she was acting in that capacity. A general appearance was entered by Ellen Gouley, individually, and as administratrix of the estate of Bridget O'Hare, deceased. The judgment was for the foreclosure of the lien upon the interest of Ellen Gouley in the property, and the interest of the estate of Bridget O'Hare, represented by Ellen Gouley as administratrix. The estate of Bridget O'Hare cannot be bound by this judgment in the absence of a proper averment showing that the representative of her estate is before the court. (*Fairfield v. Price*, 40 Cal. 535.) The judgment, therefore, against Ellen Gouley, as administratrix of the estate of Bridget O'Hare, deceased, must be reversed. It is said by respondent that the administratrix was not a necessary party to this action, and herein reliance is had upon the case of *Phelan v. Dunn*, 72 Cal. 229. In that case the personal representative was not sued, but the devisee of the property under the will was made defendant. Whether that was the course here pursued cannot be determined. If it be so, then respondent will not be injuriously affected by the reversal of the judgment as to Ellen Gouley, administratrix.

The judgment, so far as it purports to foreclose the interest of the estate of Bridget O'Hare, deceased, is reversed. In all other respects the judgment is affirmed.

McFarland, J., and Lorigan, J., concurred.