[Civ. No. 4547. First Appellate District, Division Two.—June 7, 1923.]

ROBERT W. DENNIS, Administrator, etc., Appellant, v. ELDORA BROWN, Executrix, etc., Respondent.

[1] PROMISSORY NOTE—DEATH OF PAYEE AND MAKER—DISQUALIFICATION OF HUSBAND OF PAYEE AS WITNESS.—In an action on a promissory note by the administrator of the estate of the deceased payee against the executor of the will of the deceased maker thereof, after rejection of a claim based upon such note, the surviving husband of the deceased payee of the note is disqualified, under subdivision 3 of section 1880 of the Code of Civil Procedure, from testifying concerning matters connected with the transaction but occurring prior to the maker's death.

[2] ID.—DELIVERY—CONSIDERATION—EVIDENCE—FINDINGS.—In such an action, where there is some evidence to justify a finding that the note was not delivered and that there was no consideration therefor, this is sufficient to justify such a finding, even though there is also sufficient evidence to support a finding to the contrary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Statute prohibiting witness from testifying to transactions with decedent as applicable to probate proceedings, notes, Ann. Cas. 1914A, 982; 51 L. R. A. (N. S.) 212.

J. J. Lermen and G. K. Burgren for Appellant.

B. M. Aikins for Respondent.

NOURSE, J.—This is an action on a promissory note for $10,000 and interest brought by the administrator of the estate of Easter Belle Stewart, deceased, against the estate of her father, James Brown, deceased. Judgment was rendered in favor of defendant, and plaintiff appeals.

The defendant Eldora Brown is the widow of James Brown, who was the father of Easter Belle Stewart by a former marriage. Easter Belle Stewart died intestate November 25, 1918, in Spokane, Washington, where she resided with her husband, Neil Stewart. About four months later, on March 21, 1919, her father, James Brown, died in San Francisco, where he resided with his wife, Eldora Brown. He left a will in which he named his wife executrix, and divided his property, share and share alike, between her and a son by his former marriage. Ten days after the death of James Brown, Neil Stewart, as surviving husband of Easter Belle Stewart, in writing, nominated the original plaintiff, William S. Dennis, as adminstrator of her estate, and requested the superior court at San Francisco to appoint him as such administrator. The application for letters named Neil Stewart and James Brown as the next of kin and heirs at law of Easter Belle Stewart. William S. Dennis died pending the appeal and Robert Dennis was appointed administrator of Mrs. Stewart's estate and substituted as plaintiff in this action. Among the papers left by the deceased James Brown at his home, or in a wallet delivered by him to his wife about two weeks before his death, was the note in suit, dated February 1, 1918, signed by him and naming his daughter payee. With it was an explanatory letter to the daughter. This action was commenced after a claim therefor presented against the father's estate was rejected by the executrix. The issues presented by the pleadings are due execution and delivery of the note and want of consideration.

The note and explanatory letter were produced by defendant on the trial and introduced in evidence by plaintiff. This letter reads:

"My dear Easterbelle:

"The enclosed note is to represent value of Twenty-five hundred ($500) dollar bonds of the California Paper &

Board Mills which I set aside for you when they were issued but which I was never able to give you as I used them as security for money I borrowed but they were redeemed February 1st, 1918, & instead of cash I am giving you a note as I still need the money.

"Your loving Father,

"JAMES BROWN."

Plaintiff also put in evidence a letter which James Brown wrote to his daughter addressed to her at Spokane, April 14, 1918, containing the following:

"I put a note for 10,000.00 (Ten thousand) dollars in your name Easter Belle Stewart in the Safe Deposit Box & a note explaining it was for 20 Bonds of the Cal. Paper & Board Mills which I sold on Feby. 1st & that these were yours but on % of using them as collateral for borrowed money I had not been able till then to turn over to you & I am still needing the money so this note which calls for 6% int. is in place of it for the present & is dated Feby. 1st 1918 so you understand it."

The trial court found that James Brown, deceased, never made, executed, and delivered to Easter Belle Stewart either on the first day of February, 1918, or at any other time, the promissory note in suit, or any promissory note, and never promised or agreed to pay her the sum of $10,000, or any other sum; also, that said James Brown never received any consideration of any character whatsoever from Easter Belle Stewart for said promissory note.

It was the theory of plaintiff on the trial of the action, as indicated by his opening statement, that James Brown deposited this note in a safe-deposit box in the vaults of the Wells Fargo Nevada National Bank (which was rented in his daughter's name with himself as deputy) in lieu of $10,000 worth of bonds which he had previously given as a gift to his daughter; that the bonds constituted the consideration for the note, and that the deposit of the note in the safe-deposit box constituted a delivery to Easter Belle Stewart. In support of his case plaintiff's counsel questioned Neil Stewart concerning matters occurring prior to James Brown's death. Defendant objected on the ground that the witness could not testify by reason of the provisions of subdivision 3 of section 1880 of the Code of Civil Pro-

cedure. The trial court sustained the objection and refused to permit Stewart to testify regarding such matters.

Appellant contends that this ruling constituted prejudicial error. Also, that the evidence produced shows a delivery of the promissory note and that there was a valid consideration therefor.

[1] As to the first point, section 1880 of the Code of Civil Procedure provides: "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person." We think Stewart quite clearly came within the excluded class as a person "in whose behalf" the action was being prosecuted. Upon the death of Easter Belle Stewart, intestate, title to all her property, both real and personal, immediately vested in Neil Stewart and James Brown, as her heirs, subject only to the control of the probate court and to the possession of the administrator for purposes of administration. (Civ. Code, sec. 1384.) Letters of administration of the estate of Easter Belle Stewart were issued to Willam S. Dennis, the original plaintiff herein, as the nominee and at the request of Neil Stewart, the surviving husband of deceased. The test seems to be whether or not the witness' interest in the claim amounts to an existing property right. "An action against an executor or administrator on a claim against a deceased person is one brought 'on behalf of' any person not a party to the action who, nevertheless, has an existing property right in the claim." (*Badover* v. *Guaranty Trust & Savings Bank,* 186 Cal. 775, 781 [200 Pac. 638, 640]; *Uhlhorn* v. *Goodman,* 84 Cal. 185, 192 [23 Pac. 1114].) As before observed, Neil Stewart had a vested interest—an existing property right (*Brenham* v. *Story,* 39 Cal. 179, 188; *Smith* v. *Olmstead,* 88 Cal. 582, 586 [22 Am. St. Rep. 336, 12 L. R. A. 46, 26 Pac. 521]; *Phelan* v. *Dunne,* 72 Cal. 229 [13 Pac. 662])—and the trial court properly excluded the testimony objected to.

[2] As to delivery of the note in suit and consideration therefor, appellant argues that the statements contained in the father's letter to his daughter that he had deposited the note in the safe-deposit box conclusively proved that fact;

that such a deposit constituted a delivery to Mrs. Stewart, and the note being in writing, a consideration would be presumed; and, further, that the evidence showed certain bonds constituted the consideration.

There is sufficient evidence in the record to support a finding that the note had been delivered and that a valuable consideration had passed if the trial court had desired to make such a finding.   There is also some evidence to support the finding to the contrary which the trial court did make, and under repeated rulings of the supreme court this is sufficient to support the finding.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1923.