[Civ. No. 14826.   Second Dist., Div. Three.   Dec. 28, 1945.]

JAMES THOMAS LYTTLE, Respondent, v. AVA K. FICK-LING, as Administratrix etc., et al., Appellants.

B. J. Bradner, Gertrude R. Chamberlin and Noel Edwards for Appellants.

Lance D. Smith, Wm. D. Junge and Wm. G. Junge for Respondent.

SHINN, J.—This appeal is prosecuted by defendants from a judgment which declares that defendant Ava K. Fickling, as administratrix of the estate of Lulu E. Farmer, also known as Lulu E. Lyttle, deceased, holds in trust for plaintiff an undivided one-half interest in a small ranch property situated in the town of El Monte, in Los Angeles County, and directs said defendant to convey said interest to plaintiff; it also awards plaintiff $922.41 as half of the net proceeds from the property from the inception of the trust. In the caption of the complaint Ava K. Fickling is designated as administratrix of the estate of Lulu E. Lyttle, deceased. She is also named as a defendant individually with four other persons named Farmer, and all of the individual defendants are alleged to claim some interest in the property. There was a cause of action for the establishment of a trust, one for declaratory relief, and one to quiet title, and the defendants filed a cross-complaint to quiet their title, alleging that they were the owners of the land. It was not alleged in any of the pleadings that Lulu E. Lyttle had died, nor was it alleged that the defendants Ava K. Fickling and the defendants named Farmer are the heirs at law of Mrs. Lyttle. All of the questions of title were tried under the issues raised by the cause of action for the declaration of a trust and the answers thereto.

Plaintiff and Lulu E. Lyttle were husband and wife and resided together from 1912 until 1931, when plaintiff procured a divorce. They then owned the property in question as joint tenants. In addition to orchard trees, the property was improved with buildings, consisting of a residence, a grocery store, cafe, restaurant, garage, service station and dairy barn, and it had cost in the neighborhood of $12,000.

Plaintiff testified that at different times his wife had asked him to "please give her a divorce," saying: "I think you ought to give me a divorce, because we are more like brothers and sisters than we are like man and wife." Again asked to give his wife a divorce, plaintiff went to Las Vegas early in

1931 and his wife went there soon afterwards to discuss the matter of property with him and to express her satisfaction with the proceedings for divorce. Plaintiff testified as follows as to the circumstances under which he transferred his interest in the property to his wife: ''She says, 'I will make a proposal and see what you think of it. Now,' she says, 'Tom, I am there on the property and will be there right along; if you will deed me the property, you deed me all the property and I will take care of it; it will always be there, and at any time that you want your half of the property back, or your half of it, you can have it.' She says, 'I don't want all the property; I don't want any of it that belongs to you; only I would like to have it so that I could take care of it for you, because you don't know what you want to do, you don't know where you are going to be, and I am going to be right there.' She says, 'I don't think that you would mistrust me or not trust me, because I have always taken care of things as we have gone along.' I told her I didn't mistrust her whatever, it was all right; and if she would—— that if she wanted me to deed her the property and her take care of it, that is, look after it, that I would always keep my end of it up. I told her, I says, 'I don't want you to take the responsibility now of taking care of it or putting out for everything, because there is a mortgage on that property yet and I want to be there to help pay my part and I am not going to throw any hardship on you.' She says, 'I know you wouldn't do that, Tom; I know you want to do the thing that is right.' She says, 'You are just too good for your own good.' Now, this was our conversation that day.'' Other conversations were to the same effect. On April 26, 1931, while the parties were at Las Vegas, and before the case was heard, plaintiff executed three deeds by which he conveyed his interest as joint tenant in the ranch property to his wife as her sole and separate property. Mrs. Lyttle returned to Los Angeles, while plaintiff remained at Las Vegas long enough to get his decree, after which he returned to the ranch. In July, 1931, Mrs. Lyttle conveyed to plaintiff her interest in an encumbered property in Orange County, from which plaintiff later realized the sum of $300. There was no written property settlement between the parties and no evidence that the Orange County property was transferred as a consideration for plaintiff's interest in the ranch property. Plaintiff testified that he received no consideration. The parties remained on good terms until

Mrs. Lyttle's death. Plaintiff remarried and after the death of his second wife, married a third, whom he eventually brought to the ranch property to live in one of the small houses, in which they were residing at the time of the first Mrs. Lyttle's death. His testimony was that at all times after the divorce he spent a great deal of time upon the ranch, cultivating the orchard, pruning the trees, gathering the crops, and repairing and improving the buildings on the premises. Mrs. Lyttle received all the income from the property, including rentals from the buildings, managed the finances, and reduced the mortgage on the premises from $2,500 to about $900. In 1943 plaintiff sold a property, which he had owned before marriage, for about $1,900, and, at Mrs. Lyttle's request, he turned over to her between $900 and $1,000, with which she paid off the balance of the mortgage on the ranch. The conduct of the parties as testified to by plaintiff was entirely consistent with an understanding that plaintiff owned an interest in the property and that Mrs. Lyttle held title thereto in order to manage it for their mutual advantage. During a major part of their married life plaintiff had been a railway employee, and his wife at all times had managed the family finances. Upon the foregoing evidence, which was without substantial conflict, the court found that plaintiff reposed in his wife the fullest confidence and by reason thereof, and upon her promise and agreement that she would hold a half interest in the property in trust for him and that she would at any time in the future, upon his request or demand, reconvey said interest to him, he made and executed the deeds in question and that he received no consideration therefor. These findings were responsive to the allegations of the complaint, which alleged the existence of a confidential relationship. ██ Defendants say there was no presumption of a confidential relationship because the parties had been separated and were negotiating more or less at arm's length, citing *Hensley* v. *Hensley* (1918), 179 Cal. 284 [183 P. 445], and other cases. Plaintiff did not rely entirely upon the presumption either in his pleading or proof, both of which were ample. He alleged and proved by sufficient evidence the existence of a confidential relationship independently of the presumption. There was no evidence that there had been distrust or contention in the home, and the separation appears to have been without bitterness. Plaintiff testified that he re-

quested a reconveyance of his interest shortly before Mrs. Lyttle's death, and that they were arranging a division of the property, which was delayed by the death of Mrs. Lyttle's attorney, and was prevented by her later illness and her death. There was no evidence that she ever questioned plaintiff's interest or refused to make a conveyance, and the court found that plaintiff requested a reconveyance and that Mrs. Lyttle was prevented from giving it by her illness and her death.

The judgment in favor of plaintiff was in accordance with the familiar rule of law that where one has voluntarily assumed a relation of personal confidence with another and receives a conveyance of the latter's property, paying no consideration therefor, and promising that the property will be held for the benefit of the grantor and will be reconveyed upon demand, and the grantor has no other purpose in transferring the property, a court of equity will decree a trust for the benefit of the grantor. There was in this case a repudiation of the trust by the personal representative of the estate of Mrs. Lyttle. The foregoing rule was declared to be the law of California in the case of *Brison* v. *Brison* (1888), reported in 75 Cal. 525 [17 P. 689, 7 Am.St.Rep. 189], and 90 Cal. 323 [27 P. 186] (1891) and it has been repeatedly adhered to down to the present date. (See *Robertson* v. *Summeril* (1940), 39 Cal.App.2d 62, 66 [102 P.2d 347]; *Smith* v. *Lombard* (1927), 201 Cal. 518, 528 [258 P. 55], and cases cited.)

The evidence was sufficient to establish all the elements of a constructive trust enforceable against the estate of Mrs. Lyttle, as it would have been against her if she had repudiated the trust. Defendants seek to avoid the application of the equitable doctrine which we have stated, upon the ground that the deeds in question conveyed plaintiff's interest to his wife as her sole and separate property. They contend that this language in the deed is a recital which gives rise to a conclusive presumption of absolute title in the grantee, under section 1962(2) of the Code of Civil Procedure, which is to the effect that there is a conclusive presumption as to "facts recited, from a recital in a written instrument between the parties thereto, or their successors in interest." The provision cannot be given the effect claimed for it. The action is not one to set aside the deeds; their validity is not questioned. Mrs. Lyttle undoubtedly took title to the interest conveyed as her separate property. There is no rea-

son why a woman may not impress her separate property with a trust in favor of her husband or any other person. The relationship of the parties and the circumstances under which the deeds were given were such as to impress a trust upon the interest conveyed. In seeking to enforce the trust, plaintiff neither relies upon nor questions the effectiveness of the deeds.

■ Appellants question the judgment upon the further ground that the complaint failed to state a cause of action, in that there was no allegation that Mrs. Lyttle had died or that the court had appointed a personal representative of her estate. It is of course necessary in order that the estate of a decedent be bound by a judgment that these facts be stated. (*Flinn* v. *Gouley* (1903), 139 Cal. 623 [73 P. 542].) Merely describing defendant Fickling in the title of the complaint as the administratrix of the estate of Lulu E. Lyttle, deceased, was insufficient, but it does not necessarily follow that the judgment should be reversed because of this omission.

■ The complaint alleged that ''since the death of said decedent, Lulu E. Lyttle, the Administratrix of her estate has served on Plaintiff a thirty day notice to vacate and remove from said above described property where Plaintiff makes his home.'' The prayer was for judgment declaring ''that said Lulu E. Lyttle during her life time did, and that Ava *V.* Fickling as Administratrix of the Estate of Lulu E. Lyttle deceased, does now hold title to Plaintiffs undivided interest in said Real Property, in trust for Plaintiff.'' Mrs. Fickling testified that she was the administratrix of the estate, and the court found that Lulu E. Lyttle died on or about April 11, 1943, and that Mrs. Fickling was appointed, duly qualified, and since has been and is the duly appointed, qualified, and acting administratrix of said estate. This is sufficient to show that the judgment is one which is binding upon the estate of Lulu E. Lyttle, deceased. ■ The individual defendants offered no proof of their own title. They only sought to defeat the claims of plaintiff, and it may be presumed that they are the heirs at law of Mrs. Lyttle and the claimants to her estate.

■ Defendants on the appeal urge the defense of the statute of limitations. Although they did not plead it, they contend that it was necessarily a defense because defendant Fickling, as administratrix, could not waive it. The defense was not established. Mrs. Lyttle did not repudiate the trust

during her lifetime but her administratrix did repudiate it in 1943; the statute then commenced to run and the present action was instituted within a few months thereafter.

The accounting of profits from the property was had before Paul Vallee, a distinguished member of the bar, who was appointed referee. His findings were approved by the court and are not questioned.

The judgment is affirmed.

Desmond, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 21, 1946.