[Civ. No. 6803. Fourth Dist. Apr. 27, 1962.]

FREDERICK WILLIAM SCHOTTE, Plaintiff and Respondent, v. MARTITIA L. SCHOTTE et al., Defendant and Appellant.

MARTITIA L. SCHOTTE, Plaintiff and Appellant, v. FREDERICK WILLIAM SCHOTTE, Defendant and Respondent.

C. E. Crowley for Appellant.

Ben M. Shera and William J. Johnstone for Respondent.

COUGHLIN, J.—Primarily this is an appeal from a single judgment adjudicating the issues in two actions consolidated for trial; the parties purportedly are husband and wife; one action was initiated by the wife's complaint for divorce, which

was followed by the husband's cross-complaint for annulment; and the other was a suit by the husband to impose a constructive trust upon real property owned by the wife for the improvement of which he allegedly advanced $12,000 upon the promise that if he did so she would make him a coowner thereof under a joint tenancy ownership. The wife appeals from the judgment against her in both actions and also appeals from an order denying her motion for a new trial, from an alleged order denying her motion for attorney's fees, costs and "alimony" pending appeal, and from an alleged order overruling her "stipulation and demand" that separate findings, conclusions of law and judgment be entered in each action.

An order denying a motion for a new trial is not appealable. (*Reeves* v. *Reeves*, 34 Cal.2d 355 [209 P.2d 937].) The trial court made no order denying the wife's motion for attorney's fees, costs and "alimony" nor overruling her motion that separate findings, conclusions and judgment be entered in each action. The appeal therefrom is an appeal from orders that do not exist. The attempted appeal from all of the foregoing orders therefore should be dismissed.

### DIVORCE—ANNULMENT ACTION

The plaintiff wife and the defendant husband in the divorce action participated in a marriage ceremony in San Bernardino County on November 17, 1948. At this time both plaintiff and defendant were over 50 years of age and each had been married and divorced at least four times. The plaintiff's immediate prior marriage was to a man named Beaman. The husband, in his cross-complaint for annulment, alleged that at the time of his purported marriage to plaintiff the latter's marriage to Beaman was in full force and effect. The court found this allegation to be true; concluded that the purported marriage between the parties was void; and entered a decree of annulment. The evidence establishes that on October 3, 1948, the plaintiff wife, who had been a resident of San Bernardino County for some time, went to Tijuana, Mexico to obtain a divorce from Beaman. She was accompanied by Mr. Schotte, the defendant, and a Mrs. Samuels; contacted a lawyer; signed some papers; on the same day, with Mr. Schotte and Mrs. Samuels, returned to San Bernardino County; and subsequently received a decree of divorce through the mail. The trial court concluded that the divorce decree so obtained was a nullity. This was correct. (*Rudnick* v. *Rudnick*, 131 Cal. App.2d 227, 235 [280 P.2d 96]; *Harlan* v. *Harlan*, 70 Cal. App.2d 657, 660-661 [161 P.2d 490]; *Kegley* v. *Kegley*, 16

Cal.App.2d 216, 220-221 [60 P.2d 482]; *Ryder* v. *Ryder*, 2 Cal.App.2d 426, 432 [37 P.2d 1069].) In this state a foreign divorce decree that is procured upon a fraudulent domicile or residence is invalid and subject to collateral attack. (*Cardinale* v. *Cardinale*, 8 Cal.2d 762, 766 [68 P.2d 351].) However, the wife contended that the defendant husband was estopped to deny the validity of their marriage. The trial court ruled against this contention upon the ground that the defendant had not aided the plaintiff in obtaining the invalid Mexican divorce. On appeal, the plaintiff claims that the evidence establishes the estoppel which she urges as a matter of law.

The testimony of the defendant shows that at the time he married the plaintiff he knew all of the circumstances which made the Mexican decree invalid; that he had been acquainted with her for a number of years; that he knew she was a resident of and domiciled in San Bernardino County; that he knew she was married to Beaman; that ''She had talked about getting a divorce, naturally''; that he knew her trip to Tijuana on October 3d was for the purpose of getting the divorce; that he had been told by the plaintiff that she had seen an attorney on that day for that purpose; that he returned with her to San Bernardino County on the same day; that he later was told by her that she had obtained a divorce, and that he ''presumed that she had made the necessary arrangements and was capable of contracting marriage legally.'' Thereupon the parties were married and lived together as husband and wife for approximately eight years. A man who, with full knowledge of the circumstances under which an invalid divorce was obtained by a previously married woman, relies upon that decree, participates in a marriage ceremony with the purportedly divorced woman and, thereafter, lives with her as husband and wife, is estopped to deny the validity of the marriage which they attempted to effect. (*Spellens* v. *Spellens*, 49 Cal.2d 210, 214, 220 [317 P.2d 613]; *Dietrich* v. *Dietrich*, 41 Cal.2d 497, 505 [261 P.2d 269]; see also *Estate of Underwood*, 170 Cal.App.2d 669, 672 [339 P.2d 154].) The theory applied to such a situation ''is that the marriage is not made valid by reason of the estoppel but that the estopped person may not take a position that the divorce or latter marriage was invalid.'' (*Spellens* v. *Spellens, supra*, 49 Cal.2d 210, 219; *Watson* v. *Watson*, 39 Cal.2d 305, 307-308 [246 P.2d 19]; *Union Bank & Trust Co.* v. *Gordon*, 116 Cal.App.2d 681, 685 [254 P.2d 644].)

Under the foregoing rule and the evidence in this case the judgment of annulment must be reversed.

## CONSTRUCTIVE TRUST ACTION

The husband brought the constructive trust action against the wife to impress a trust in his favor upon real property owned by her, basing his claim upon the fact that he had advanced approximately $12,000 to her from his separate funds for the purpose of building rental units upon this property under the promise that she would give him "a deed in joint tenancy" to the property in exchange for his improving the same. The evidence supports the conclusion that the property, prior to improvement, was worth $1,700. The defendant advanced the money requested and the rental units were built as agreed upon. From time to time during the course of their construction, and thereafter, the husband asked his wife about the deed she was going to give him; was assured that everything would be taken care of in due time; habitually raised the disarming interrogatory "Don't you trust me?"; and because their relationship then was "amicable" and because he did trust her, he acceded to the deal. After the wife filed her divorce complaint in 1956, she then directly refused to transfer any interest in the property to him.

The foregoing facts have been stated in conformity with the rules on appeal requiring acceptance of the evidence most favorable to the findings of the trial court. (*Grainger* v. *Antoyan*, 48 Cal.2d 805, 807 [313 P.2d 848]; *Thomas* v. *Hunt Mfg. Co.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

In substance, the court determined that the relationship between the parties was confidential; that the wife had taken advantage of this relationship to obtain a $12,000 improvement of her property; that her acquisition of the money advanced by the husband was obtained through undue influence; that a trust in his favor should be impressed on the property in which the money had been invested; and that, under the circumstances, the interest which the wife held in trust for her husband was a one-half interest.

Where a husband invests his separate funds in improving the property of his wife relying upon her oral promise to convey to him an interest therein if he would do so, in the event she refuses to convey as promised her agreement will be enforced by imposing a constructive trust on that property in favor of the husband, because the breach of her oral promise constitutes a violation of the confidential relationship

between them. (*Orella* v. *Johnson,* 38 Cal.2d 693, 696 [242 P.2d 5]; *Huber* v. *Huber,* 27 Cal.2d 784, 790 [167 P.2d 708]; *Lauricella* v. *Lauricella,* 161 Cal. 61, 64 [118 P. 430]; *Brison* v. *Brison,* 90 Cal. 323, 330 [27 P. 186]; *Brison* v. *Brison,* 75 Cal. 525, 528-532 [17 P. 689, 7 Am.St.Rep. 189]; *Lyttle* v. *Fickling,* 72 Cal.App.2d 383, 387 [164 P.2d 842]; *Ford* v. *Ford,* 44 Cal.App. 415, 419 [186 P. 164]; see also *Estate of Piatt,* 81 Cal.App.2d 348, 350-352 [183 P.2d 919].) The reasons for this rule are aptly stated in *Orella* v. *Johnson, supra,* 38 Cal.2d 693, 696-697, and need not be repeated here; are motivated by the law's desire to foreclose the acquisition of an advantage through the violation of a confidential relationship; and apply to a situation such as that at bar where the parties, although not legally married, have assumed the relationship of husband and wife and are estopped to deny its validity. ▪ In many instances, in order to effect equity and justice the law disregards the difference between a valid and an invalid or void marriage. (*Sefton* v. *Sefton,* 45 Cal.2d 872, 875 [291 P.2d 439]; *Schneider* v. *Schneider,* 183 Cal. 335, 337-341 [191 P. 533, 11 A.L.R. 1386]; *Union Bank & Trust Co.* v. *Gordon, supra,* 116 Cal.App.2d 681, 689; *Estate of Foy,* 109 Cal.App.2d 329, 332 [240 P.2d 685]; *Estate of Krone,* 83 Cal.App.2d 766, 768 [189 P.2d 741].) Furthermore, the evidence herein establishes that, regardless of their marital status, an actual confidential relationship existed between the subject parties, and this fact supports an application of the foregoing constructive trust rule. (*Bradley Co.* v. *Bradley,* 165 Cal. 237, 240 [131 P. 750]; *Brison* v. *Brison, supra,* 90 Cal. 323, 330; *Alaniz* v. *Casenave,* 91 Cal. 41, 46 [27 P. 521]; *Brison* v. *Brison, supra,* 75 Cal. 525, 529; *Lyttle* v. *Fickling, supra,* 72 Cal.App.2d 383, 387-388.)

▪ In addition, the facts in this case support the decision of the trial court under another legal theory. From the evidence it may be concluded that the defendant wife used the confidence which the plaintiff husband reposed in her to obtain his separate funds upon a mere oral promise; that she thus used this confidence to obtain an unfair advantage and acted in bad faith; that the acquisition of this advantage, because of the relationship between the parties and the lack of a satisfactory showing to the contrary, is presumed to have been obtained by undue influence; and, therefore, the proceeds of these funds properly are the subject of a constructive trust. (Civ. Code, § 2224; *Orella* v. *Johnson, supra,* 38 Cal.2d 693, 696; *Estate of Cover,* 188 Cal. 133, 142 [204 P. 583];

*Brison* v. *Brison, supra,* 90 Cal. 323, 334-336; *George* v. *Ransom,* 14 Cal. 658.) The determination of the trial court accordingly is proper.

That part of the judgment pertaining to the divorce-annulment action is reversed, and that part thereof pertaining to the constructive trust action is affirmed. The attempted appeals from the order denying the motion for a new trial, the purported order denying a motion for attorney's fees, costs and "alimony," and the purported order denying the motion for separate judgments are dismissed. Neither party will recover costs on appeal.

Griffin, P. J., and Shepard, J., concurred.