[Civ. No. 30442.   Second Dist., Div. Three.   Jan. 17, 1968.]

LESTER L. CHILCOTT, Plaintiff and Respondent, v.
KATIE E. CHILCOTT, Defendant and Appellant.

Benjamin M. Reinhardt and Joseph Hawks for Defendant
and Appellant.

Robert J. Herman for Plaintiff and Respondent.

SHINN, J.†—December 28, 1964, Lester A. Chilcott brought
suit for divorce against Katie E. Chilcott, alleging they were
married to each other April 11, 1950, and separated April 20,
1964; they had a daughter, aged 9, and a son, aged 6; the
property of the parties had been divided; it was in the best
interests of the children that their custody be awarded to
Katie. The ground of the divorce was that Katie had treated
Lester with extreme cruelty. Katie answered the complaint,
denying the charge of cruelty and alleging she had obtained a
decree of divorce from Lester in a Mexican court May 25,
1964, and that shortly thereafter she had married another
man and Lester had married another woman. Katie also filed
a cross-complaint seeking support for the children, attorneys'
fees and costs. Lester answered the cross-complaint alleging

†Retired Presiding Justice of the Court of Appeal sitting under assign-
ment by the Chairman of the Judicial Council.

he had supported the children and would continue to support them and also alleging that Katie was able to pay her own attorneys and costs of suit.

The case was tried; the court found that Lester and Katie were husband and wife; Katie was guilty of extreme cruelty toward Lester, she was able to pay her attorneys their fees and costs of suit; Lester was given an interlocutory decree and was ordered to pay $37.50 per month for the support of each child. Katie appealed from the portion of the judgment which awarded Lester a divorce.

The appeal is upon a clerk's transcript, without exhibits.

It was not admitted by the pleadings that Katie had obtained a decree from a Mexican court or that either of the parties had remarried, and the court made no finding upon either issue.

The court filed a memorandum of opinion in which it was stated that Katie went to Juarez, Mexico, and obtained a decree of divorce; Lester consented to the Mexican divorce and signed papers to that effect; within a short time Katie married her present husband, her former boyfriend, and thereafter Lester married a woman who already had three children by a former marriage; both remarried in reliance upon the Mexican divorce. The memorandum of opinion was the court's findings of the facts but, unfortunately, it was not given that label.

The brief on behalf of Katie states the facts as understood by her attorneys. Lester's attorney, in his brief, gives his version of the facts. This informal manner of presenting a record on appeal is not provided for by the California Rules of Court as a substitute for an agreed statement but in the present case it serves its purpose because the parties do not question on appeal the essential facts enumerated above. Therefore, no useful purpose would be served by requiring the trial judge to label his memorandum of opinion as his findings of fact.

The court made findings that Lester and Katie were still husband and wife, plaintiff and defendant were both estopped to assert the invalidity of the Mexican decree, and a finding and a conclusion of law that Lester was not estopped to obtain a valid California divorce.

The court stated the opinion that the decree of the Mexican court was invalid; the briefs discuss that question. It is, of course, immaterial whether the decree was valid or void. If it was valid there was no marital relation remaining to be dissolved; if it was invalid, and as Lester remarried in the belief

that Katie had divorced him, an undisputed fact, he is estopped to contest the validity of the decree.

In *Bruguiere* v. *Bruguiere,* 172 Cal. 199 [155 P. 988, Ann.Cas. 1917E 122], the court stated that the authorities are practically unanimous in favor of the proposition that a remarriage estops the party entering into it from denying the validity of a previous divorce. In an action by Mrs. Bruguiere against Mr. Bruguiere, the remarriage of Mrs. Bruguiere in reliance upon an invalid decree of divorce obtained by her husband in Nevada was held to estop her from contesting the validity of the decree. All the later cases in which the question arose have applied the same rule of estoppel. A few of them are: *In re Kyle,* 77 Cal.App.2d 634 [176 P.2d 96]; *Spellens* v. *Spellens,* 49 Cal.2d 210 [317 P.2d 613]; *Wendell* v. *Wendell,* 111 Cal.App.2d 899 [245 P.2d 342]; *Schotte* v. *Schotte,* 203 Cal.App.2d 28 [21 Cal.Rptr. 220]; *Rediker* v. *Rediker,* 35 Cal.2d 796 [221 P.2d 1, 20 A.L.R.2d 1152]; *Dietrich* v. *Dietrich,* 41 Cal.2d 497 [261 P.2d 269].

The trial judge, while recognizing the rule, failed to give it full effect. He thought there should be an exception in favor of a man who had married two women and was confused as to which one was his wife; a common situation, we should imagine, but one which should not provide an exception to the rule. It appears to us that the situation fits into the rule precisely.

Before a divorce could be granted the court would have to find that the earlier divorce was invalid, as the court here determined, with the legal consequences that the plaintiff's second marriage was invalid. The judgment here, based as it is upon the invalidity of Katie's divorce, is a judicial declaration that the four persons whose lives are affected have been living in a state of illegal cohabitation. If that is a fact it has not been legally brought to the attention of the court and therefore must be ignored. What the trial court has done will be annulled. Its findings will be vacated and the parties will be restored to the *status quo ante,* with the protection afforded by the humane doctrine of estoppel.

The judgment is reversed with directions that the action be dismissed.

Ford, P. J., and Moss, J., concurred.

A petition for a rehearing was denied February 16, 1968, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied March 13, 1968.