[Civ. No. 15768. Second Dist., Div. One. May 29, 1947.]

Estate of NICHOLAS CARL HENSGEN, Deceased. ROSÉ HENSGEN, Appellant, v. THELMA L. HENSGEN NEAL et al., Respondents.

Newton E. Anderson and Eldon V. McPharlin for Appellant.

A. W. Brunton for Respondents.

WHITE, J.—This is an appeal from an order of the Superior Court of Los Angeles County, appointing Esther Hensgen, nominee of Thelma L. Hensgen Neal (hereinafter called Thelma Hensgen) administratrix of the estate of Nicholas Carl Hensgen, deceased. Rose Hensgen and Thelma Hensgen each claim the right to administer as widow of decedent; and

the decision herein turns upon the effect of a decree of divorce granted Thelma Hensgen in Mexico, followed by the remarriage of decedent to petitioner and appellant, Rose Hensgen, and the subsequent marriage of Thelma Hensgen.

Nicholas Carl Hensgen and Thelma Hensgen were married in 1928, and separated at Los Angeles, California, in 1940. As the issue of said marriage two children were born. On December 12, 1940, the husband and wife went to Tijuana, Baja California, Mexico, where they conferred with attorney and arranged for the wife to secure a "mail-order" divorce. They returned to Los Angeles the same day. On December 17, 1940, in the Civil Court of First Instance, Bravos District, Chihuahua, Mexico, the wife was granted a final decree of divorce and later that month received a copy of the decree. On December 24, 1940, at Reno, Nevada, the decedent married Rose Hensgen, appellant herein. On April 11, 1941, Thelma Hensgen married a man named Smith in Clark County, Nevada. Nicholas Hensgen died December 24, 1945. About February 1, 1946, Thelma divorced Mr. Smith in Nevada and thereafter married a Mr. Neal.

It is urged by appellant that Thelma Hensgen, having joined as plaintiff in securing the Mexican decree and having taken advantage thereof by remarrying, is estopped to assert the invalidity of the decree for the purpose of claiming an interest in the property of the decedent. It follows, argues appellant, that in the absence of proof of the invalidity of the Mexican divorce, there remains only the presumption of the validity of appellant's marriage to the decedent, and that therefore she is entitled to letters of administration.

Respondents take the view that since there was no valid divorce, there could be no valid remarriage, and hence no rights could accrue to Rose as widow; and further, that appellant entered into her purported marriage with decedent after learning of the "mail-order" divorce but before Thelma had attempted to remarry, and that as between them, therefore, appellant did not rely upon Thelma's attempted remarriage, and hence, as between them, the elements of estoppel did not arise. In other words, respondents contend that a subsequent remarriage of the first wife cannot give validity to a marriage which is void because the previous divorce of one of the parties thereto was void.

It is conceded that neither of the parties to the Mexican divorce were ever in the State of Chihuahua, Mexico,

but procured the divorce by mail through an attorney in Tijuana. Therefore the court in Mexico did not have jurisdiction of the parties or of the subject matter. The decree was invalid and entitled to no recognition by the courts of California. (*Harlan* v. *Harlan*, 70 Cal.App.2d 657, 660, 661 [161 P.2d 490].) We are convinced that the question of estoppel is not determinative of this appeal. The ultimate question involved in this contest for letters of administration was whether appellant as an applicant for such letters was the wife of the decedent at the time of his death. (Prob. Code, § 422, subd. 1).

Upon undisputed evidence, the court found and determined that the Mexican "mail-order" decree of divorce obtained by respondent Thelma Hensgen was invalid because of lack of jurisdiction in the Mexican court over the parties or the subject matter, and that therefore the Mexican "mail-order" divorce decree was entitled to no recognition whatsoever in the courts of California. Appellant's contention that her marriage to decedent is presumed to be valid affords her no comfort upon this appeal, since the presumption of validity of marriage referred to in cases cited by appellant was completely overthrown by the evidence adduced in the instant case.

■ Appellant, however, contends that respondent Thelma Hensgen is estopped from attacking the validity of the former's marriage to decedent. We are not unmindful of the cases holding that a party may be estopped to assert the invalidity of a divorce decree secured by or acquiesced in by him (at least when he seeks by such assertion to secure property rights, as distinguished from a determination of the marital status), even though such decree be void for want of juristiction. (*Harlan* v. *Harlan, supra; Estate of Davis*, 38 Cal. App.2d 579, 585 [101 P.2d 761, 102 P.2d 545]; *Starbuck* v. *Starbuck*, 173 N.Y. 503 [66 N.E. 193, 194, 93 Am.St.Rep. 631]; *Brown* v. *Brown*, 266 N.Y. 532 [195 N.E. 186]; *Chapman* v. *Chapman*, 224 Mass. 427 [113 N.E. 359, L.R.A. 1916F 528]; *Querze* v. *Querze*, 290 N.Y. 13 [47 N.E.2d 423]; n. 122 A.L.R. 1321; 153 A.L.R. 941 (n.); 17 Am.Jur. 575.) Neither are we unmindful of the rule that where the question in controversy relates to the property rights or pecuniary interest of the parties as distinguished from their marital status, the doctrine of estoppel is applicable under circumstances properly calling for its application. But the instant proceeding is not of the character first above mentioned. This is not a proceeding to determine heirship. It involves the appointment

of an administratrix. The filing of a contest squarely presented to the court the question of determining the marital status of the parties claiming the right of appointment as administratrix, viz., who was the legal wife of decedent at the time of his death? Any estoppel imposed upon respondent Thelma Hensgen would not make valid appellant's marriage to the decedent, and it was the validity of that marriage that was before the court for determination. If appellant was legally married to decedent at the time of his death she was entitled to the letters prayed for. Otherwise, she was not. Furthermore, it might here be pointed out that respondent Thelma Hensgen is not seeking through this proceeding to gain any pecuniary benefit, as is evidenced by the fact that she has nominated respondent Esther Hensgen for appointment as administratrix, and Esther Hensgen had pending in the probate court her petition for appointment as guardian of the estates of the minor children of the decedent and respondent Thelma Hensgen.

In the instant case the trial court found as a fact upon uncontradicted evidence:

"That the said Nicholas Carl Hensgen, on or about the 12th day of December, 1940, took his said wife, Thelma L. Hensgen, to Tiajuana, Mexico, at which time the said deceased purported to make arrangements for a decree of divorce from the said Thelma L. Hensgen; that at the time said deceased and said Thelma L. Hensgen went to Tiajuana, Mexico, both were residents of the County of Los Angeles, State of California, and both were citizens of the State of California and of the United States of America; that thereafter, to-wit, on the 17th day of December, 1940, the said purported decree of divorce was issued in the State of Chihuahua, Republic of Mexico, purporting to be a decree of divorce dissolving the marriage relationship between the said deceased, Nicholas Carl Hensgen, and his said wife, Thelma L. Hensgen; that neither the said Nicholas Carl Hensgen or the said Thelma L. Hensgen were ever in the State of Chihuahua, Republic of Mexico, and neither the said deceased nor his said wife were present at the time of the granting of said purported decree of divorce;

"That the said Thelma L. Hensgen went to the City of Tiajuana, State of Lower California, Republic of Mexico, on the 12th day of December, 1940, because of threats of the said deceased, Nicholas Carl Hensgen, that if she did not go

with him that he would take her children away from her and deprive her of support money for said children; that thereafter, to-wit, on the 24th day of December, 1940, the said deceased, Nicholas Carl Hensgen and the petitioner, Rose Hensgen, formerly Rose Silverman, purported to enter into a marriage in the State of Nevada; . . .''

From the foregoing findings of fact and as conclusions of law, the court found that appellant, Rose Hensgen, ''is not now, and never was, the lawful wife of the decedent, and is not now and never was his widow''; that at the time of the death of decedent, respondent Thelma L. Hensgen ''was the wife of said deceased, and subsequent to his death became the widow of deceased.''

The evidence abundantly supports the findings of the court that the Mexican ''mail-order'' divorce was a nullity. Such being the case, it follows that the court's finding that respondent Thelma L. Hensgen was the surviving spouse of the decedent and as such entitled to nominate respondent Esther Hensgen to act as administratrix, is equally supported by the evidence.

The evidence supports the findings and the findings support the order made, which should therefore be affirmed. It is so ordered.

York, P. J., and Doran, J., concurred.