[Civ. No. 5559. Fourth Dist. Oct. 30, 1957.]

Estate of CLAIRE M. SHANK, Deceased. BERYL E. WORLEY, Petitioner and Appellant, v. ROBERT E. SEASE, as Executor, etc., Defendant and Appellant; VIRGINIA MIHAN et al., Respondents.

*Assigned by Chairman of Judicial Council.

Best, Best & Krieger, Eugene Best, John D. Babbage and John H. Barnard for Petitioner and Appellant.

Manuel Ruiz, Jr., for Defendant and Appellant.

Gibson, Dunn & Crutcher, John T. Pigott, Jr., and John L. Endicott for Respondents.

STONE, J. pro tem.*—Claire Marie Shank died intestate and without issue on March 22, 1953, leaving an estate consisting entirely of separate property. An administrator was appointed and during the course of probate a petition for determination of heirship was filed by Beryl E. Worley, in which he alleged that he and decedent had been married on June 12, 1944, in San Diego, California, and that he was her husband at the time of her death. Worley also alleged that Virginia Mihan, an adult sister, Melvin T. O'Rielly and Frank L. O'Rielly, adult brothers, were the only heirs of

---

*Assigned by Chairman of Judicial Council.

deceased and that as surviving husband he was entitled to distribution of one-half of the estate.

Virginia Mihan, Melvin T. O'Rielly and Frank L. O'Rielly answered the petition of Worley and made a statement of claim. They admitted the marriage but alleged that it was dissolved by legal process, and subsequently, in January, 1948, decedent married John Jeffers Shank. They made claim as heirs to distribution of one-half of the estate. Worley's petition was also answered by John Jeffers Shank, who alleged that he married decedent January 16, 1948, and he, not Worley, was her husband at the time of her death. Shank made claim to one-half of the estate on distribution.

The evidence disclosed that Worley and decedent were married June 12, 1944, and on May 10, 1945, decedent instituted proceedings in the Court of First Instance of the State of Chihuahua, Republic of Mexico, to obtain a divorce from Beryl E. Worley. On or about June 1, 1945, the sheriff of Clark County, Nevada, personally served Worley with certain papers issued by the court of Chihuahua in connection with the divorce action, and subsequently, on July 8, 1945, a decree of divorce was entered by said Court of First Instance of Chihuahua purporting to divorce decedent from Beryl E. Worley. Neither decedent nor Worley was at any time domiciled in Chihuahua, Mexico. On January 16, 1948, decedent married John J. Shank, in Toledo, Ohio, and continued to live with him as man and wife until her death March 22, 1950.

The trial court found that the Mexican divorce was invalid and did not terminate the marriage between Worley and decedent. The court additionally found that Worley had actual notice of the purported divorce and subsequent thereto purchased real property in his own name as "a single man"; that during 1947 and 1948 he cohabited with a woman other than decedent and referred to said other woman as his wife. The court also found that at all times subsequent to the issuance of the purported divorce decree until the death of decedent, Worley acquiesced in and relied upon the Mexican decree of divorce and conducted himself as if said decree were valid and effective. The court upon those findings adjudged Worley estopped from asserting that he was, at the time of decedent's death, her husband or her heir for the purpose of inheriting the decedent's separate property. On the other hand, the court found that the marriage of January 16, 1948, between decedent and John J. Shank was bigamous and void because decedent at that time was married to Beryl E. Worley.

The court then determined that neither Worley nor Shank should share in the estate and that the whole thereof should be distributed to the sister and two brothers who survived decedent. Both Worley and Shank appealed. Shank died pending the hearing of the appeal and Robert E. Sease was substituted as personal representative in this action.

Appellant Worley argues that the trial court extended the principle of equitable estoppel beyond the scope of prior decisions. He contends that in every other instance where a person has been estopped to assert the invalidity of a purported divorce he has either induced the securing of the invalid divorce or he has participated in the purported divorce proceeding or he has remarried with knowledge of the facts.

However, no particular set of facts is necessary to invoke an equitable estoppel if the facts come within the principle enunciated in *Estate of Davis*, 38 Cal.App.2d 579, 584 [101 P.2d 761, 102 P.2d 545], where the court says:

". . . our courts have recognized another species of estoppel, called '*quasi* estoppel,' which is based upon the principle that one cannot blow both hot and cold, or that one 'with full knowledge of the facts shall not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another.' (10 Cal.Jur., p. 645; *McDanels* v. *General Ins. Co.*, 1 Cal.App.2d 454, 459 [35 P.2d 394, 36 P.2d 829]. . . ."

Here, Worley was personally served with a copy of the summons and complaint for divorce. He did nothing to ascertain their validity nor to attack the decree even though he knew that it had been secured in Mexico. Rather, he continued to live separate and apart from decedent, he made no effort to contact her, and he did not support her but let her purported second husband, Shank, assume that obligation. Worley took title to real property in his name alone and had himself designated on the deed as "a single man." It is true, as Worley says, he did not remarry, but he did establish a relationship with a housekeeper whom he paid $25 a week while she lived in his home. The trial court concluded the relationship was of a meretricious nature. We believe the facts in this case bring it within the rationale of *Estate of Davis*, 38 Cal.App.2d 579 [101 P.2d 761, 102 P.2d 545]; *Hensgen* v. *Silberman*, 87 Cal.App.2d 668 [197 P.2d 356]; *Rediker* v. *Rediker*, 35 Cal.2d 796 [221 P.2d 1, 20 A.L.R.2d 1152]; *Estate of Coleman*, 132 Cal.App.2d 137 [281 P.2d 567]; and cases cited in those opinions. At least Worley is

estopped from contending the divorce is invalid as against Shank, the man who was led to believe his ceremonious marriage to decedent was valid and who assumed and performed the obligations attendant to a valid marriage until the time of his wife's death.

The facts disclose an even stronger case meriting estoppel as to Mrs. Shank, the decedent. She was instrumental in procuring the Mexican divorce and she actually remarried. As long as she lived she was precluded from denying the validity of her Mexican divorce as against Mr. Shank, whom she married and permitted to support her until her death. (*Hensgen* v. *Silberman, supra*; *Rediker* v. *Rediker, supra*.) As against the position of Mrs. Shank there is also available the presumption of the validity of the second marriage. (*Rediker* v. *Rediker*, 35 Cal.2d 796, pp. 807 and 808 [221 P. 2d 1, 20 A.L.R.2d 1152].) The heirs of Mrs. Shank are in privity with her and are also bound by an estoppel which bound her. (*Estate of Davis, supra*; *Estate of Coleman, supra*.)

The judgment that claimant Beryl E. Worley has no interest in the estate and no right to distribution of any of the assets thereof is affirmed. The judgment that claimant John J. Shank had no interest in the estate and no right to distribution of any of the assets thereof is reversed. The Estate of John J. Shank, deceased, is entitled to distribution of an undivided one-half of the assets of said estate. The judgment that claimants Melvin T. O'Rielly, Frank L. O'Rielly and Virginia Mihan, decedent's brothers and sister, are entitled to distribution in equal shares of the entire estate of said deceased is modified, and said claimants Melvin T. O'Rielly, Frank L. O'Rielly and Virginia Mihan, brothers and sister of said decedent, are entitled to distribution in equal shares of an undivided one-half of said estate available for distribution.

Respondents Melvin T. O'Rielly, Frank L. O'Rielly and Virginia Mihan, and appellant Robert E. Sease, executor for the estate of John J. Shank, deceased, are entitled to recover their costs in said action to be paid out of the assets of said estate in due course of administration.

Barnard, P. J., and Griffin, J., concurred.

The applications of petitioner and appellant and of respondents for a hearing by the Supreme Court were denied December 23, 1957. Traynor, J., and Schauer, J., were of the opinion that the applications should be granted.