Estate of MARY ISABEL EDGETT, Deceased.   FRANK
RUANO, Respondent, v. HARRY EDGETT, Appellant.

William Klein for Appellant.

Elmer P. Delany for Respondent.

THE ISSUE

COAKLEY, J. pro tem.*—Who is entitled to letters of administration in the estate of Mary Isabel Edgett, deceased: appellant, Harry Edgett, or respondent, Frank Ruano?

─────────────────────

*Assigned by Chairman of Judicial Council.

## THE FACTS

In 1954, Mary Isabel Edgett was awarded a decree of separate maintenance from Harry Edgett by the Superior Court of San Mateo County. From community property she was awarded the home and furnishings, as her separate property. In 1957 Harry Edgett went to Mexico. Staying one day he obtained an ex parte Mexican divorce from Mary and married the present Helen Edgett. The new couple immediately returned to California and have resided here since then as husband and wife. In 1959 Mary obtained an order from the superior court increasing Harry's monthly support payments from $75 to $120. In the modification proceedings the court refused to recognize the Mexican decree of divorce. Mary died intestate in 1959. Her estate consists primarily of the home and furnishings awarded her in the original decree of separate maintenance. Harry Edgett and the decedent's brother, Frank Ruano, each petitioned for letters of administration. Frank's petition was granted.

Harry appeals upon the ground that he is the surviving spouse of the decedent and as such allegedly has priority in the granting of letters of administration under Probate Code, section 422.

## DISCUSSION

Harry's Mexican divorce is invalid in California. (Civ. Code, § 150.1; *Crouch* v. *Crouch* (1946), 28 Cal.2d 243 [169 P.2d 897].) It follows that he is the surviving spouse of decedent. It does not follow, however, that because he is the surviving spouse he has a prior right to letters of administration.

Probate Code, section 422, in pertinent part, reads as follows: "Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:

"(1) The surviving spouse, or some competent person whom he or she may request to have appointed. . . .

"(5) The brothers and sisters . . ."

It is clear that under this section relatives of the decedent are entitled to priority "only when they are entitled to succeed to the estate or some portion thereof." The section makes no exception in the case of a spouse. Accordingly, appellant is not entitled to priority unless he is entitled to succeed to a portion of the estate.

For reasons which we discuss later the appellant is estopped to succeed to any portion of the estate. That being so, he is not entitled to letters as against decedent's brother, who, under the laws of intestacy, is entitled to succeed to a portion of the estate.

Appellant seeks to avoid the application of the doctrine of estoppel by arguing that the only issue before the court at this stage of the estate proceedings, is "to decide the marital status of appellant in order to establish order of priority for appointment as administrator." He contends that his right to inherit the decedent's property is not before the court at this time, and that, therefore, the doctrine of estoppel is not applicable to the limited issue at hand. In this contention he relies on and is supported by the language of the court in *Estate of Hensgen* (1947), 80 Cal.App.2d 78 [181 P.2d 69]. The contest over letters of administration in that case was between the decedent's second wife and the nominee of his first wife. The decedent and his first wife had joined in causing an invalid Mexican divorce decree to be issued. Each remarried. The court held that the question of heirship and property rights was not involved, and that the sole question was one of marital status, i.e., whoever was the lawful surviving spouse was deemed to have prior right. While we agree with the result reached in that case we do not feel compelled to adopt the court's reasoning. On the contrary we believe that the rule as stated in *Estate of Davis* (1895), 106 Cal. 453 [39 P. 756], in *Estate of Schwartz* (1947), 79 Cal. App.2d 301 [179 P.2d 863], and in the cases cited in those decisions is the correct one.

In *Estate of Davis, supra,* the contest for letters was between the public administrator and the widow of the decedent. Decedent and his widow had entered into a written separation agreement in which for a good consideration she waived her right to inherit from him. Letters were issued to the public administrator and the court affirmed, holding, at page 455: "It is to be observed that the statute [then Code Civ. Proc., § 1365, now Prob. Code, § 422] makes the right of the relatives to administer to depend upon the question of their right to *succeed to the personal estate or some portion thereof.* . . . The right of the widow to letters, therefore, in this instance, depended upon whether she was entitled to inherit any of her husband's property. We think it clear from the evidence that she was not. . . ." The court in that case expressly noted and rejected the identical argument made in this case, and in *Estate of Hensgen, supra,* i.e., that as surviving spouse she

was entitled to letters, and that the question of heirship and right to succeed to decedent's property was not involved. In so doing the court held, "But in neither respect can appellant's position be sustained without doing violence to the express language of the statute. In the first place, as we have seen, the right of the widow to administer, like that of any other relative, is made to depend upon her right to take of the personal estate; and that being so, *the question as to her right to inherit is necessarily involved in the application for letters.*" (P. 456; emphasis supplied.)

The *Estate of Schwartz, supra,* 79 Cal.App.2d 301, involved a contest between the widow and the son of the decedent as to the right to administer the estate. The decedent and widow had executed an antenuptial agreement in which she waived all her rights, as widow, to "a distributive share of his estate by operation of law. . . ." The lower court granted letters to the widow. In reversing, the District Court of Appeal held (79 Cal.App.2d at p. 305): "In order to reach a proper conclusion upon that ultimate issue [who should be appointed administrator], the court not only had the power but the duty to decide and pass on all necessary questions involved in the determination of such ultimate issue." In giving effect to the priority enunciated in Probate Code, section 422, the court said at page 305: " 'This does not mean alone that it shall follow the order there laid down, but it shall follow that order with observance of the qualifications there expressed. . . .' And the controlling qualification, as expressed in the section, is that the relatives of the decedent are entitled to priority only 'when they are entitled to succeed to the estate or some portion thereof.' "

*Estate of Hensgen, supra,* on which appellant relies, does not mention that portion of Probate Code, section 422, which specifies that relatives are entitled to priority in letters "only when they are entitled to succeed to the estate or some portion thereof." Nor does the court in that case discuss or cite *Estate of Davis, supra,* or *Estate of Schwartz, supra.* We are satisfied that these cases correctly state the rule of priority in the issuance of letters, and we adopt the rule as therein stated.

This brings us to the question of whether appellant is entitled to succeed to any portion of decedent's estate. Under ordinary circumstances, as surviving husband, he would be entitled to succeed to all or a part of the estate under the laws governing intestacy. But having procured the Mexican divorce and remarrying in reliance upon it, he is estopped from

questioning its validity for the purposes of succeeding to the estate of the decedent. ██ " 'The validity of a divorce decree cannot be questioned in a proceeding concerning any right or other interest arising out of the marital relation, either by a spouse who has obtained such decree of divorce from a court which had no jurisdiction, or by a spouse who takes advantage of such decree by remarrying.' " (*Union Bank & Trust Co.* v. *Gordon* (1953), 116 Cal.App.2d 681, 685 [254 P.2d 644]. See also *Watson* v. *Watson* (1952), 39 Cal.2d 305 [246 P.2d 19]; *Estate of Davis* (1940), 38 Cal.App.2d 579 [101 P.2d 761, 102 P.2d 545]; *Hensgen* v. *Silberman* (1948), 87 Cal.App.2d 668 [197 P.2d 356].)

██ In the Union Bank case the respondent remarried with knowledge that her husband had obtained an invalid Nevada divorce to which she had not been a party, and to which she did not consent. She also knew that he thereafter married the appellant. On his death the respondent brought suit to quiet title to the decedent's interest in real property acquired during his marriage to the appellant. The lower court held that the respondent was decedent's lawful wife and was therefore the owner of decedent's undivided one-half interest in the property. The District Court of Appeal reversed upon the grounds that because of her remarriage, with knowledge of the invalidity of the Nevada divorce, the respondent was estopped from contesting the validity of that decree, and accordingly could not assert an interest in decedent's estate.

It is significant that when the second Hensgen case, i.e., *Hensgen* v. *Silberman, supra,* 87 Cal.App.2d 668, reached the appellate court on the question of which of two wives was entitled to the property of the deceased husband, as distinguished from the question of who was entitled to letters of administration (see *Estate of Hensgen, supra,* 80 Cal.App.2d 78), the court applied the doctrine of estoppel and held that because the appellant had obtained a Mexican divorce, remarried, and had offered no objection to her husband's marriage to the respondent, ". . . upon the simplest principles of equitable estoppel, appellants cannot now be heard to question the validity of the Mexican divorce decree for the sole purpose of sharing in the property accumulated by decedent and respondent Rose Silberman during the years they lived together as husband and wife." (87 Cal.App.2d 668, 674.)

Appellant seeks to distinguish the second Hensgen case solely on the grounds that the property in Mary Edgett's

estate was originally community property of the appellant and decedent, and no one has changed his position in reliance on the acts of the parties, whereas in the second Hensgen case, wife number one was seeking to share in property accumulated by the decedent and wife number two. The distinction is without merit. So, too, is his argument that because the court ordered him to increase his monthly support payments to decedent in proceedings had two years after his Mexican divorce and remarriage, it thereby refused to recognize the Mexican divorce as valid. The court was then dealing solely with status. It was not concerned, as we are, with priority of right to letters of administration.

Petitioner-respondent, being a brother of decedent, is entitled to succeed to a portion of her estate, and is therefore, under Probate Code, section 422, subdivision (5), entitled to priority over appellant in obtaining letters of administration.

The judgment is affirmed.

Bray, P. J., and Duniway, J., concurred.

A petition for a rehearing was denied February 23, 1961, and appellant's petition for a hearing by the Supreme Court was denied March 29, 1961. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.