[Civ. No. 7331.   Fourth Dist.   Nov. 6, 1964.]

FRANCES AUGUSTA SOHNLEIN, Plaintiff and Respondent, v. NOVELLA MARIE WINCHELL, Defendant and Appellant.

C. E. Crowley for Defendant and Appellant.

Herlihy & Herlihy and K. S. Burns for Plaintiff and Respondent.

GRIFFIN, P. J.—Plaintiff Frances Augusta Sohnlein filed this action for declaratory relief against defendant Novella Marie Winchell, also known as Novella Marie Sohnlein, seeking to have a Mexican divorce obtained by Fred W. Sohnlein declared invalid, to be declared his lawful surviving widow, and to obtain a declaration that the defendant had no status as his widow. Novella cross-complained for a certain lump-sum benefit which she claimed was due her from the United States Civil Service Retirement Fund. From a judgment favoring the plaintiff, the defendant appeals.

Fred and Frances Sohnlein were married in Mich-

igan in 1928. They moved to California in 1933 where they resided together until their separation in June 1957. Frances Sohnlein continued living in California at least through the trial in the instant case. Except for a brief stay in Mexico, as set out below, Fred continued living in California until his death on April 11, 1960. Fred filed suit for divorce in Los Angeles County in May 1958. An interlocutory decree was entered in his favor on April 17, 1959, but no final decree was ever entered. In May 1959, he went to the State of Chihuahua, Mexico for two or three days. On or about July 3, 1959, the First Civil Court of the District of Bravos, Chihuahua, Mexico issued a decree of divorce in a suit filed by Fred, Frances having been personally served. On July 14, 1959, Fred Sohnlein and the defendant went through a marriage ceremony in Arizona.

The trial court found that both Fred and Frances were domiciled in the State of California at the time the Mexican divorce proceedings were commenced. ██ The court concluded that the Mexican divorce decree was invalid, apparently applying Civil Code, section 150.1, which provides: ''A divorce obtained in another jurisdiction shall be of no force or effect in this State, if both parties to the marriage were domiciled in this State at the time the proceeding for the divorce was commenced.''

Having determined that the Mexican divorce decree was invalid, the court further determined that Fred's marriage to Novella in Arizona was not valid and consequently Frances was his surviving spouse.

██ There is ample evidence to support the court's finding that Fred and Frances were domiciled in California at the time the Mexican divorce proceedings were commenced. Their daughter testified to their continuous residence in California from 1933 until Fred's death in 1960, as set forth above. Civil Code, section 150.2, provides: ''Proof that a person hereafter obtaining a divorce from the bonds of matrimony in another jurisdiction was (a) domiciled in this State within twelve months prior to the commencement of the proceeding therefor, and resumed residence in this State within eighteen months after the date of his departure therefrom, or (b) at all times after his departure from this State and until his return maintained a place of residence within this State, shall be prima facie evidence that the person was domiciled in this State when the divorce proceeding was commenced.''

The direct evidence supplied through the daughter's testimony, coupled with the indirect evidence afforded by the presumption of Civil Code, section 150.2 (Code Civ. Proc., § 1957), amply support the finding. ▮ This finding being supported, the conclusion reached by the trial court necessarily follows under Civil Code, section 150.1. Since a Mexican divorce decree is not entitled to full faith and credit (*Ryder* v. *Ryder,* 2 Cal.App.2d 426, 430 [37 P.2d 1069]), there is nothing in Civil Code, section 150.4, which limits the application of Civil Code, section 150.1, to the instant case.

In any event, there would appear to be a fatal lack of jurisdiction in the Mexican court to dissolve the marriage. ▮ A foreign divorce decree that is procured on a fraudulent domicile or residence is invalid (*Schotte* v. *Schotte,* 203 Cal.App.2d 28, 31 [21 Cal.Rptr. 220], and cases there cited). Conscious of Justice Traynor's admonition in his concurring opinion in *Scott* v. *Scott,* 51 Cal.2d 249, 255 [331 P.2d 641], we need not rely on authorities holding or assuming that domicile in a foreign jurisdiction is prerequisite to recognition in this state of a divorce decree rendered in a foreign jurisdiction. ▮ Thus, where the foreign jurisdiction has no legitimate interest in the status of the parties, or where the sole purpose of seeking the divorce in the foreign jurisdiction is to evade the policy of this state, the judgment should not be recognized, despite the provisions of Code of Civil Procedure, section 1915. (*Scott* v. *Scott, supra,* 51 Cal.2d 249, 256; *Harlan* v. *Harlan,* 70 Cal.App.2d 657, 661 [161 P.2d 490].) ▮ Certainly, Fred's two or three-day stay in Mexico did not give the Mexican court sufficient interest in his marital status to justify its decree. (*Estate of Edgett,* 188 Cal.App.2d 700, 701 [10 Cal.Rptr. 552].) ▮ In light of the fact that Fred had already been awarded an interlocutory decree by the Los Angeles court, and the fact that he remarried within 11 days after receiving the Mexican decree, it would appear that his sole purpose in seeking the Mexican decree was the evasion of the one-year limitation set forth in Civil Code, section 61, subdivision 1, and section 132. Under the rule set forth above, this is an additional basis upon which to deny recognition to the Mexican decree.

The defendant contends, however, that the plaintiff has failed to show that the State of Arizona would not recognize the Mexican decree. This contention implies that there is some conflict between Arizona and California law in this area, and that Arizona would recognize the Mexican decree in the

512

instant case. Counsel has cited no authority to this effect, and our research indicates there is no conflict. (*Brandt* v. *Brandt*, 76 Ariz. 154 [261 P.2d 978] ; *In re Hughes*, 73 Ariz. 97 [237 P.2d 1009] ; *Unruh* v. *Industrial Commission*, 81 Ariz. 118 [301 P.2d 1029].)

■ Furthermore, Frances and Fred Sohnlein were domiciled in California before, at the time of, and after the Mexican decree. In an action brought in California to determine the impact of that decree on their marital status, there is no occasion to apply the law of Arizona. Arizona law would be applicable to determine the validity of the marriage of the defendant and Fred Sohnlein, but since Fred was not divorced from Frances he was not free to marry the defendant under Arizona law or the law of any other American jurisdiction.

■ The defendant also contends that the court erred in failing to take jurisdiction under her cross-complaint to determine the rights of the parties to a death benefit payable by the United States Civil Service Retirement Fund. In 5 United States Code Annotated section 2266(b), the United States Civil Service Commission is given jurisdiction to adjudicate *all* such claims. The right to the death benefit having been created by a statute providing for its enforcement before a special tribunal, the aggrieved party should be left to the remedy given by the statute which created the right. (*Higa* v. *Transocean Airlines*, 230 F.2d 780, quoted with approval in *Gordon* v. *Reynolds*, 187 Cal.App.2d 472, 478 [10 Cal. Rptr. 73].)

The other matters raised in the briefs are without merit, without the record or both, and will not be discussed.

Judgment affirmed. Attempted appeal from order denying new trial dismissed.

Coughlin, J., and Brown (Gerald), J., concurred.