**In the Matter of the Estate of PAUL D. PALTING, Deceased**

Civil No. 117-A

District Court of Guam

Appellate Division

September 2, 1975

Before CURTIS, HEFNER and WILLIAMS, *Judges*

PER CURIAM

OPINION

In 1935 the deceased, Paul D. Palting, married the appellant, Jennie S. Palting. Thereafter, the deceased left the appellant and moved to Guam. In 1950 he went to Mexico and obtained a Mexican divorce decree. The trial court in its decision stated: "Now factually and facially the decree appears to be nothing more than as commonly called a mail order divorce, wherein none of the parties have submitted themselves to the jurisdiction of the Mexican Court."

411

The trial court then proceeded to "give practical recognition" to the divorce decree by holding that the appellant was estopped, after twenty some years, to question the validity of the Mexican divorce.

The most that the record shows as far as appellant's participation or knowledge of the divorce is that she was served with the divorce papers in Washington, D.C., twenty days before the divorce decree was granted. There was no appearance by her in the action nor is there any evidence of any affirmative acts on her part or participation in the procurement of the decree.

The cases cited by appellee which concede that the parties were subject to the jurisdiction of the court are not applicable here. The trial court found the divorce decree invalid and although the appellee argues that there is a presumption of validity to foreign decrees, *McGraw v. Mutual Life Ins. Co.*, 64 P. 103; *Rediker v. Rediker*, 221 P.2d 1, the court clearly found that the presumption had been overcome in that the court never acquired jurisdiction of the parties.

The trial court based its conclusion that the appellant was estopped to question the validity of the decree on three cases. *Harlan v. Harlan*, 161 P.2d 490; *Hensgen's Estate*, 181 P.2d 69; *Hensgen v. Silberman*, 197 P.2d 356. These cases demonstrate that if one actively participates or affirms acts or assists in procuring a divorce decree, he or she cannot later assert the invalidity of the divorce.

The California courts have applied the doctrine of quasi-estoppel to adjust or correct inequities where the facts so indicate. The courts there use a statute identical to one in Guam to support such a theory. Guam Code of Civil Procedure § 1962(3). However, the crucial element must be found that the party to be estopped did some affirmative act or failed to act, or participated in some way to intentionally and deliberately lead another to believe a particular thing true.

Assuming that the appellant was served with a copy of the divorce papers, there was no duty for her to obtain an attorney and appear or contest the divorce in a court which had no jurisdiction over her. To impose on the appellant such a duty could give validity to an otherwise invalid procedure by inadvertently giving the Mexican court jurisdiction.

There is no evidence that the appellant remarried or used the Mexican decree to substantiate a claim or right. She simply treated it as an ineffectual document which in fact the trial court has confirmed. It was the deceased, Paul D. Palting, who procured the decree and thereafter relied upon it for his subsequent "marriages." If he had attempted to assert the invalidity of the Mexican divorce decree the doctrine of equitable estoppel may very well apply to him. However, it cannot be applied to prevent the appellant from questioning the decree even after twenty or more years.

Appellee further argues in her brief that appellant is not entitled to share in the separate estate of the Estate of Paul D. Palting. This is a matter to be decided by the probate court and is not properly before this court.

The judgment of the trial court is reversed.