Harold K. **LEE** and Louise Geise, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

Nos. 76–1191, 76–1192.

United States Court of Appeals, Ninth Circuit.

March 29, 1977.

---

Charles A. Lane, Schwartz & Lane, San Francisco, Cal., on brief, for appellants.

Meade Whitaker, Chief Counsel, I.R.S., Washington, D. C., Scott Crampton, Gilbert E. Andrews, Elmer J. Kelsey, Tax Div., Dept. of Justice, Washington, D. C., on brief, for appellee.

Before CHOY and KENNEDY, Circuit Judges, and WILLIAMS, District Judge.*

PER CURIAM:

The taxpayers appeal from a decision of the tax court, reported at 64 T.C. 552 (1975), holding that they were not entitled to file joint returns for the years 1967–70. This court has jurisdiction pursuant to 26 U.S.C. § 7482.

The sole issue on appeal is whether marital status for federal tax purposes is to be determined by state or federal law. In 1961 Harold K. Lee (Harold) married Doris G. Lee (Doris) and in 1966 the husband divorced the wife in a Mexican proceeding which all parties now agree was invalid. In 1967 Harold married Louise Geise (Louise) in Las Vegas, Nevada and Harold and Louise filed joint income tax returns for the years 1967–70. One month after marrying Louise, Harold filed for divorce against Doris in California. Doris cross-filed and was eventually given an Interlocutory Decree by default which became final in July 1971. Neither party to the California divorce action raised the question of the prior Mexican divorce. At all times relevant to this action, Harold, Doris and Louise were residents of California.

██ It is undisputed that during the taxable years involved, Harold and Louise were not validly married under the law of California. That state refuses to recognize a foreign jurisdiction's divorce decree when the parties are domiciled in California. California Civil Code § 5001 (West 1970). *In re Atherley's Estate,* 44 Cal.App.3d 758, 119 Cal.Rptr. 41 (1975); *Sohnlein v. Winchell,* 230 Cal.App.2d 508, 41 Cal.Rptr. 145 (1964).

██ This circuit has held that state law should be used to determine marital status for federal tax purposes. *Gersten v. Commissioner of Internal Revenue,* 267 F.2d 195 (9th Cir. 1959). Appellants urge that we review and abandon the *Gersten* holding in view of later Second Circuit cases which held that a federal rule of validation should apply. *Borax' Estate v. Commissioner of Internal Revenue,* 349 F.2d 666 (2d Cir. 1965), *cert. denied,* 383 U.S. 935, 86 S.Ct. 1064, 15 L.Ed.2d 852 (1966); *Wondsel v. Commissioner of Internal Revenue,* 350 F.2d 339 (2d Cir. 1965). We have carefully examined *Borax* and *Wondsel* and have concluded that our decision in *Gersten* expresses the better view. To provide a federal tax law of marriage would create greater confusion in divorce courts than now exists. Some individuals would be validly married for all purposes except federal taxes, and others validly married for federal tax purposes only. Marriage is peculiarly a creature of state law and we reaffirm the position we took in *Gersten* that state law governs.

Affirmed.

---

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.