Filed 4/27/22  Estate of Chen CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Estate of TSAN CHING CHEN, Deceased. | |
| LI QIN,<br><br>    Petitioner and Appellant,<br><br>v.<br><br>XIANG QUN WANG,<br><br>    Objector and Respondent. | A162760<br><br>(Alameda County Super. Ct. No. RP20079918) |

Appellant Li Qin, appearing in propria persona, appeals a judgment denying her petition to administer decedent Tsan Ching Chen's estate. She contends the court erred in determining that she is not Chen's "surviving spouse" under Probate Code section 78.[1] We shall affirm the judgment.

## Background

On November 25, 2020, Qin filed a petition for letters of administration claiming that Chen had died intestate and that she was his surviving spouse. Qin attached, as an exhibit to her petition, a copy of a Chinese marriage certificate issued to her and Chen in April 1990, as well as related authentication and translation documents.

---

[1] All statutory references are to the Probate Code unless otherwise noted.

Respondent Xiang Qun Wang filed an objection asserting that Qin was not the decedent's "surviving spouse" as defined by the Probate Code.[2] Wang attached, as exhibits to his objection, documents showing that in 1995, Qin secured a divorce decree from Chen in China and in 1998, Qin married Lee Edward Lawler.

On March 1, 2021, the court found that Qin, "having entered into a marriage with another individual subsequent to her marriage with the decedent, and having procured a divorce decree in China purportedly dissolving her marriage with the decedent . . . is not the surviving spouse of [the decedent]." The trial court entered judgment denying Qin's petition based on her lack of standing to petition for letters of administration.

On May 28, 2021, Qin timely filed a notice of appeal of the March judgment.[3]

## Discussion

A party has standing to participate in probate proceedings if that party is an "interested person." (*Estate of Maniscalco* (1992) 9 Cal.App.4th 520, 523.) The "interested person" requirement "prevents persons with no interest from delaying the settlement of estate affairs" and "guarantees the probate

---

[2] Wang also submitted an alternative petition seeking appointment as executor of Chen's estate which alleged that Chen was survived by a brother and had left a statutory will and trust, wherein he named Wang, his nephew, as the sole beneficiary of his property. This petition is not at issue on appeal.

[3] Wang's appendix includes an "amended notice of appeal" filed by Qin in the superior court under "case number RP20079918/RP21096806" purporting to appeal the judgment and orders entered between "05/19 ~ 06/16/2021." Wang has moved to dismiss the present appeal to the extent that this amended notice purports to appeal nonappealable orders and orders made in case number RP21096806. We interpret the amended notice of appeal as challenging only the June 16, 2021 order denying Qin's motion for new trial. Accordingly, Wang's motion to dismiss is denied.

2

court control over its proceedings and the parties seeking to participate in them so as to insure orderly estate administration." (*Ibid*.) A "surviving spouse" is an interested person except where section 78 applies. As relevant here, section 78 provides, " 'Surviving spouse' does not include any of the following: [¶] . . . [¶] (b) A person who obtains or consents to a final decree or judgment of dissolution of marriage . . . , which decree or judgment is not recognized as valid in this state, unless they (1) subsequently participate in a marriage ceremony purporting to marry each to the other or (2) subsequently live together as spouses."

Substantial evidence supports the trial court's finding that Qin is excluded as a surviving spouse under section 78, subdivision (b). Qin is estopped to deny that she obtained a divorce from Chen in China in 1995 and married Lawler in reliance thereon. (See *Rediker v. Rediker* (1950) 35 Cal.2d 796, 805 ["The validity of a divorce decree cannot be contested by a party who has procured the decree or a party who has remarried in reliance thereon, or by one who had aided another to procure the decree so that the latter will be free to remarry"]; *id*. at p. 806 ["[W]ife who consented to a Mexican 'mail order divorce' and remarried in reliance upon it was estopped from questioning its validity in an action to determine whether she or her ex-husband's second wife was entitled to his estate"], citing *Hensgen v. Silberman* (1948) 87 Cal.App.2d 668, 674.) In 2003, Qin filed a petition in San Mateo Superior Court to dissolve her 1998 marriage to Lawlor. In response to Lawlor's claim that the marriage should be annulled based on Qin's bigamy, Qin claimed under oath that she had divorced Chen in 1995 and submitted documents purporting to evidence her divorce from Chen. (See *Qin v. Lawler* (Nov. 10, 2005, A108149) [nonpub. opn.].) The trial court determined, however, that Qin had not properly authenticated the Chinese divorce decree

3

and annulled Qin's marriage to Lawler, in part, on the ground that Qin was still married to Chen. The judgment was affirmed on appeal in 2005. (*Ibid.*) Contrary to Qin's argument in the present appeal, the court's decision annulling her marriage to Lawler is entirely consistent with the trial court's finding in this action that Qin, having obtained a divorce decree in China, even if invalid, is not Chen's surviving spouse within the meaning of section 78, subdivision (b).[4]

### Disposition

The judgment is affirmed. Wang shall recover his costs on appeal.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

---

[4] The trial court did not err in denying Qin's motion for new trial which reasserted her argument that the probate court was bound by the determination in *Qin v. Lawler, supra*, A136706 (nonpub. opn.) that the divorce decree entered in China in 1995 was not enforceable.